**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE MEDICINES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, LTD., DR. REDDY'S LABORATORIES, INC., and GLAND PHARMA, INC.,<br><br>Defendants. | Civil Action No.:<br>11-2456(PGS)(DEA)<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on a motion for reconsideration (ECF No. 51) of the Court's October 12, 2012 order denying a motion for summary judgment (ECF No. 48). The Plaintiff asserts two arguments.

First, Defendant, Dr. Reddy's Laboratories argues that the Court focused on the process used to make Bivalirudin and overlooked facts that demonstrated that Plaintiff sold Bivalirudin before the critical date that met each limitation of the asserted claims. More specifically defendant argues:

> Here, had the Court not overlooked the Angiomax® product sold by plaintiff before the critical date (rather than focusing on the process used to make that product), the Court would have concluded that the asserted claims were anticipated by the plaintiff's sale of Angiomax® before the critical date. Further, had the Court applied the correct legal standard for anticipation under the on-sale bar, it would have concluded that the sale of a single batch of Angiomax® meeting the claim limitations was all that was needed to anticipate the claims.

Second, Dr. Reddy asserts that the Court erred by employing the standard of proof for inherent anticipation rather than the standard for on-sale bar of a patent.

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(I). The "extraordinary remedy" of reconsideration is "to be granted sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music Entertainment, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc., v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F. Supp. at 516; *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1. Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See, North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995*).*

II.

With regard to the first issue, the Court did not overlook the allegation of Plaintiff that it sold Bivalirudin before the critical date that met all limitations of the asserted claims. Instead, the Court found factual issues existed that prevented making such a conclusion. The Court's distinction was that a new process produced a substantially different product from the original product because the new product had substantially less $Asp^9$ levels. As such, what was sold before was different than what was sold after the critical date.

With regard to the second issue, the on-sale bar standard was used by the Court in making its decision not the inherent anticipation standard as the Plaintiff alleges. For example, the Court noted that:

> In order to anticipate under the on sale bar, the subject of barring activity must meet "each of the limitations of the claim." *Scaltech, Inc. v. Retec/Tetra, LLC*, 178 F.3d 1378, 1383 (Fed. Cir. 1999). (10/12/12 T8, 12-14).

In addition, in the introductory paragraph of the oral opinion, the Court noted:

> This is a motion for summary judgment, seeking to invalidate the patent because it was anticipated; that is, the new product was the same as the old product that was sold prior to the critical date. See, 35 U.S.C. Section 102(b).

(10/12/12 T2, 1-6)

Hence, the Court used the on sale bar standard to determine the case; but as the Court emphasized, there are numerous fact questions that arise no matter what standard is used. Based on the above, the Court does not see any reason to reconsider the oral opinion.

ORDER

IT IS on this 15th day of March, 2013

ORDERED that the motion for reconsideration is denied.

_____
PETER G. SHERIDAN, U.S.D.J.